dently introduced matter therein alleged to constitute a counter-claim, and he so designates it.   So, viewed in our judgment, it fails to state facts sufficient to constitute a cause of action, and the demurrer was proper, and should have been sustained, instead of overruled.   Judgment reversed, and demurrer sustained, with leave to defendant to serve an amended answer, upon payment of costs.

---

(15 Misc. Rep. 442.)

## CAMPBELL v. TEXAS CENT. R. CO.

(City Court of New York, General Term.   January 28, 1896.)

FOREIGN CORPORATIONS—ACTIONS AGAINST—AVERRING RESIDENCE OF PLAINTIFF.
   A complaint against a foreign corporation on a cause of action which arose without the state is not demurrable because it fails to allege that plaintiff is a resident of the state.

Appeal from special term.

Action by Bernhard Campbell against the Texas Central Railroad Company.   From an order overruling a demurrer to the complaint, defendant appeals.   Affirmed.

Argued before FITZSIMONS and CONLAN, JJ.

Richards & Heald, for appellant.
Foley & Powell, for respondent.

FITZSIMONS, J.   The defendant is a foreign corporation, and the cause of action alleged in the complaint arose without the state. The complaint failed to allege that plaintiff is a resident of the state. For the failure to allege that plaintiff is a resident of the state, the appellant contends that the complaint is demurrable.   We think that plaintiff's complaint is not demurrable, and that it was not necessary to allege the plaintiff's residence within the state.   Hand v. Society for Savings (City Ct. N. Y.) 18 N. Y. Supp. 157.

The judgment must be affirmed, with costs, with leave to defendant to answer herein.